IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STEVEN RONALD GOLKA, PRO SE, § <br> also known as STEVEN GOLKA, § <br> TDCJ-CID No. 1577998, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NFN CLARK, R.N., aka JANE DOE; § <br> NFN JACKSON, L.V.N., aka JANE DOE; § <br> NFN CUNNINGHAM, R.N., aka JANE DOE; § <br> K. WALLACE, F.H.A.; and § <br> GUY AMITH[1], § <br> § <br> Defendants. § | 2:11-CV-0262 |

**REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL**

Plaintiff STEVEN RONALD GOLKA, acting *pro se* and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his Complaint, plaintiff claims that defendant Nurse CLARK refused to give him his pain medication, nortriptyline for his neuropathy, for three or four days while the unit was on lockdown from May 11, 2011 to May 15, 2011. While the unit is on lockdown, inmates are not allowed to go to the pill window to receive their medication(s) and must depend upon medical personnel to deliver it cellside. Plaintiff alleges defendant CLARK ignored his calls to her when she was in his pod and says he later learned she refused to administer his medication because his

---

[1]Plaintiff acknowledges this defendant's name is more likely to be "Smith." He says, however, the signature is illegible, and he has chosen to designate this defendant as "Amith." The Court will refer to this defendant as "Amith" for the sake of consistency.

cellmate had engaged in sexual misconduct when she went by the cell.

Plaintiff further claims he complained to Nurses JACKSON and CUNNINGHAM, and says they agreed to help plaintiff but did not resolve the situation and, instead, conspired to back-up CLARK's decision.

Plaintiff alleges he filed a Step 1 and a Step 2 grievance about the matter and complains neither defendant WALLACE, who investigated the Step 1 grievance, nor defendant SMITH, who investigated the Step 2 grievance, properly resolved them.

Plaintiff asserts an Eighth Amendment claim of deliberate indifference against defendants CLARK, JACKSON, and CUNNINGHAM, and a Fourteenth Amendment claim of due process against defendants WALLACE and SMITH.

Plaintiff requests compensatory damages of $2,000.00 from each defendant; punitive damages of $2,000.00 from each of defendants CLARK, JACKSON, and CUNNINGHAM; and punitive damages of $5,000.00 against defendants WALLACE and AMITH, as well as costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

**OFFICIAL CAPACITY CLAIMS**

Plaintiff does not make clear whether he is suing the defendants in their official capacities, their individual capacities, or both. To the extent plaintiff sues the defendants for monetary relief in their official capacities, his claim is foreclosed by the Eleventh Amendment and is subject to dismissal under Rule 12(b)(1), Federal Rules of Civil Procedure.

The Eleventh Amendment bars citizens' suits in federal court against states and their alter egos. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999).

Plaintiff's only request for relief is for a monetary award against the defendants. Suit against defendants in their official capacities is barred by the Eleventh Amendment. Eleventh Amendment immunity is an explicit constitutional limitation on the federal judicial power. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 907, 79 L.Ed.2d 67, 77 (1984). The Eleventh Amendment restricts federal court jurisdiction only in those cases in which the state is the real party in interest. *Hander v. San Jacinto Junior College*, 519 F.2d 273, 278 (5th Cir. 1975). A suit against an official in his official capacity is actually a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991);

---

[3]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

3

*Sanders v. English*, 950 F.2d 1152, 1158 (5th Cir. 1992). Consequently, plaintiff's action for monetary relief against the defendants in their official capacities is foreclosed by the Eleventh Amendment and is subject to dismissal under Rule 12(b)(1), Federal Rules of Civil Procedure.

**Defendants JACKSON and CUNNINGHAM**

Plaintiff claims[4] he "accosted" defendants JACKSON and CUNNINGHAM as they passed within hearing distance and asked them to assist him in getting his medication. He says they acknowledged his predicament and "pretended their acquiescence to help" but both "conspired to back up Clark's unlawful decision . . . ."

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment". Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Merely alleging that a prison

---

[4] Page 6 at paragraph 15.

4

doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

The facts presented by plaintiff against defendants JACKSON ands CUNNINGHAM will support, at most, a claim of negligence, if even that. Plaintiff alleges no fact which shows JACKSON or CUNNINGHAM had personal knowledge of his medical needs and alleges nothing to show they refused him needed medical care. At most, the facts plaintiff has alleged shows they agreed to help him and either neglected to do so or were unsuccessful. Neither circumstance supports a claim of deliberate indifference.

Additionally, plaintiff has alleged no material fact to support his claim of conspiracy by JACKSON and CUNNINGHAM. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983. *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990).

Plaintiff has failed to state a claim against either JACKSON or CUNNINGHAM on which relief can be granted.

**Defendants WALLACE and AMITH**

Plaintiff alleges defendants WALLACE and AMITH violated his Fourteenth Amendment Due Process rights in that they did not adequately investigate or satisfactorily resolve his Step 1 and Step 2 grievance.

The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515

5

U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendants WALLACE and AMITH lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's claims against ALL DEFENDANTS IN THEIR OFFICIAL CAPACITIES be DISMISSED WITHOUT PREJUDICE PURSUANT TO RULE 12(a), FED.R.CIV.PRO.; plaintiff's remaining claims against defendants JACKSON and CUNNINGHAM, IN THEIR INDIVIDUAL CAPACITIES, be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED; and plaintiff's remaining claims against defendants WALLACE and AMITH IN THEIR INDIVIDUAL CAPACITIES, be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

An Order to Answer has issued of even date herewith to defendant CLARK, in her individual capacity.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of September, 2012.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).